## In re Kenton County Bar Ass'n.

February 16, 1951.

Approving opinion.

The Kenton County Bar Association is requesting that we review certain advisory opinions prepared by the Board of Bar Commissioners of the Kentucky State Bar Association. The request is made under Rules of the Court of Appeals, Rule 3.590. This rule follows: "Any member of the Bar who is in doubt as to the propriety of any contemplated professional act or course of conduct may in writing petition the Board for an advisory opinion thereon. In response to such petition for an advisory opinion the Board shall as promptly as possible furnish the petitioner a written opinion on the propriety of the act or course of conduct in question, and shall promptly furnish a copy of that opinion to the Registrar and to the Secretary. Such opinion may be prepared on behalf of the Board by a committee provided for that purpose in the By-Laws or appointed by the President, but if so prepared the opinion shall be submitted to and approved by the Board before being released by the committee. If the member of the Bar who sought the advisory opinion is dissatisfied with the opinion rendered by the Board, he may file in the office of the Clerk a transcript of the record, and, upon motion and reasonable notice in writing to the Secretary, obtain a review of the Board's opinion by the Court. The Court's final action thereon shall, by the Clerk, be promptly and in writing reported to the member of the Bar who sought the advisory opinion, and to the Registrar and the Secretary."

The questions we are asked to review and the answers promulgated by the Board follow:

"The following questions raised before the Executive Committee of the Kenton County Bar Association and framed by its Advisory Committee on Legal Ethics have been formally submitted to the Board of Bar Commissioners of the Kentucky State Bar Association for advisory opinions under the provisions of Section 3.590 of the Rules of the Court of Appeals.

"The questions are related to the general problem of practice by judges and others having special responsibilities and public duties. This problem may have been created by the fact that the legislature has prohibited or limited the practice of law in certain situations thus fostering the assumption that practice under other situations not expressly prohibited by statute is proper. This is not true. The ethics of the profession are established by its traditions which are based on considerations of public and professional good. The power to prescribe and regulate the conduct of lawyers is inherent in the courts as is recognized by KRS 30.170(b). The legislature may, in the exercise of its police powers, limit or prohibit the practice of law in certain situations, and these regulations are recognized and enforced by the courts, but the legislature cannot render ethical that which is inherently unethical. The frequency with which the Kentucky Legislature has dealt with the problem in many of its various aspects, indicates its importance and the public policy involved. However, these different statutes do not purport to be a code of ethics nor is the absence of statutory prohibition of the practice of law under certain circumstances to be taken as legislative approval or as making such practice proper and ethical. A lawyer must be guided not only by the statutes but also by the ethics of his profession.

"The specific questions asked have been duly considered by the Board and are answered as follows:

"Question 1. May a Lawyer Engaged in the General Practice of Law, Who, at the Same Time Holds a Public Office Requiring as a Condition of Such Tenure, That He Take an Oath to Enforce the Laws of the Commonwealth Engaged in the Defense of Any Person Charged with the Commission of a Crime or Misdemeanor?

"Advisory Opinion: An Oath to Enforce the Laws

of the Commonwealth is Not Violated by the Proper and Ethical Defense of a Person Accused of Crime.

"The right of a person accused of crime to a fair and impartial trial before a jury of his peers was one of the fundamental protections of individual rights and liberties guaranteed by the Magna Charta and has become a pillar of democracy everywhere. This right is recognized in Section 2 of Article III of the Constitution of the United States and by Section 7 of the Constitution of Kentucky. It has been consistently held that this right necessarily includes the right to be represented by counsel. The sixth amendment to the Constitution of the United States, being part of the American Bill of Rights, reads in part as follows: 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * * and to have the Assistance of Counsel for his defense.'

"Every member of the Kentucky Bar has taken an oath to support the Constitution of the United States and the Constitution of this Commonwealth, and it is the duty of every lawyer to preserve and advance the constitutional guarantee of human rights and liberty. These acts, if properly performed, could not be a violation of the laws of the Commonwealth.

"We have assumed that this question does not raise any problem of a possible conflict between public office and the practice of law. If it does, the answer must necessarily depend on what office and what practice.

"Question 2. May a Judge of a Subordinate Court, Not Restricted by Statute to Engage in the General Practice of Law, Ethically Represent Defendants in Criminal Cases, in His Own or Other Courts?

"Advisory Opinion: It Is Improper for a Judge of a Subordinate Court to Represent Defendants in Criminal Cases in the County in Which He Serves as Judge.

"Any practice of law by one holding a judicial position is undesirable and is forbidden by statutes in many states. By such acts, he utilizes or seems to utilize his judicial position to further his professional success. It is especially undesirable for a judge to represent defendants in criminal cases as there is the further objection

that he thereby lends the prestige of his office to the defense of an alleged criminal and there is an apparent inconsistency of employment and conflict of interest. It is essential that public confidence in the administration of justice be maintained. The General Assembly of Kentucky has enacted from time to time many statutes restricting or prohibiting this practice of law by holders of judicial offices and those connected with them, all having the common purpose of preserving the appearance as well as the substance of impartiality in the trial of cases and of freeing the courts of the inference or fact of official influence and pressure. We recognize this sound public policy of separation of judicial office and the practice of law.

"We realize that the remuneration of a judge of a subordinate court may not be sufficient to induce a competent attorney to accept the position if he is thereby precluded from all practice of law. However, the relinquishment of practice in criminal cases is a burden which he voluntarily assumes upon the acceptance of a judicial office and is more than compensated for by the benefits of the office. Public policy and the traditions of the profession require him to accept the thorns with the roses.

"Question 3. In Kentucky What Are the Public Offices Required to be Held by Lawyers and Requiring as a Condition of Tenure That The Office Holder Give An Oath to Enforce the Laws of the Commonwealth?

"This question does not concern the propriety of any contemplated professional act or course of conduct as required by RCA 3.590 and is probably immaterial in view of our answer to Question 1.

"Question 4(a). Is it Improper for a Lawyer to Practice in a Court Over Which He Occasionally Presides as a Judge Pro Tempore?

"This question is too general for a definite answer as the propriety of such conduct depends on the nature and incidence of appointment. If there is a continuing appointment with more or less permanent tenure of office, although subject to the pleasure of the judge or city legislative body as is true in regard to judges pro tem of police courts in cities of the first, fifth and sixth classes and of county judges pro tem, it is improper for

the appointee to practice any case in the court over which he may preside, and until a reasonable time after he has severed his official connection with that court. In other cases, where the services are in the nature of a special judge and the appointment limited to a particular trial or short period of time, the appointee is not precluded from practice in that court after the expiration of his appointment. However, if a lawyer accepts such temporary appointments frequently so that he may be identified in the minds of some people with the judicial position, he thereby disqualifies himself for further practice in that court until that impression has been removed.

"Question 4(b). Is it Improper for an Assistant Prosecutor to Defend a Client in a Criminal Case?

"Advisory Opinion: It is Improper for an Assistant Prosecutor to Defend a Client in a Criminal Case.

"KRS 30.140 restricts the practice of a law partner of a Commonwealth's Attorney and KRS 69.020 provides that a Commonwealth's Attorney shall not act as defense counsel in any criminal prosecution. The same policy would necessarily make it improper for an assistant prosecutor to engage in such practice. There would be an undesirable inconsistency of employment and a representation of conflicting interests, prohibited by Canon 6 of the Canons of Professional Ethics adopted by the Court of Appeals for the regulation of professional conduct.

"Question 4(c). Is it Improper for a Partner of a Judge to Practice in the Court Over Which He Presides, or for the Partner of an Assistant Prosecutor to Defend a Criminal Case? Would a Law Clerk or Employee be Subject to the Same Restriction, if any?

"Advisory Opinion: It is Improper for a Partner of a Judge to Practice in the Court Over Which the Judge Presides or for the Partner of an Assistant Prosecutor to Defend a Criminal Case in that Jurisdiction. The same Restrictions Apply to Members or Employees of the Firm.

"KRS 30.130 prohibits partnerships between an attorney and a judge of any court except police judges in cities of the third, fourth, fifth, and sixth classes.

670

KRS 30.140(2) provides that no law partner of a police judge shall practice law in any case pending in the court presided over by that judge. Canon 33 of Professional Ethics requires that the name of a partner who becomes a judge be dropped from the firm name. In regard to the part of this question concerning the defense of alleged criminals by the partner or law clerk of an assistant prosecutor, we refer to our answer to question 4(b) and approve the many opinions of the Committee on Professional Ethics of the American Bar Association that neither a law firm nor a partner thereof can properly accept employment which any member of the firm cannot properly accept."

Our reaction to the opinions expressed by the Board of Bar Commissioners is favorable. Therefore, we approve them in substance. This approval, however, is not to be considered as an exclusive treatment of the questions dealt with, but rather as interpretative of the Canons of Professional Ethics referred to in RCA 3.170 and other Rules of the Court or Statutes dealing with the subjects.