**Charles Samuel TUCKER, Petitioner,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

Supreme Court of Kentucky.

Nov. 12, 1976.

Rehearing Denied Jan. 14, 1977.

(1) neither petitioner nor his associates may defend criminal cases in any court anywhere; and (2) petitioner and his associates may afford representation in motor vehicle cases only as to disputes which arise *outside* the territorial jurisdiction of petitioner's department provided:

"(1) [T]hey may not accept employment in any matter with respect to which applicant has acted in any official capacity in cooperation with any other police department or branch of the constabulary, local, state, or federal; (2) they may not represent to any prospective client or to anyone with whom they come in contact in investigating, preparing, or trying a motor vehicle accident case that the lawyer/officer is a police officer or adviser to a police department, except to the extent required by DR 5–105; (3) they may not use personnel, files, or facilities of applicant's department except to the extent that, and on the same basis as, the same may be available to any other lawyer; and (4) they may not use members of the lawyer/officer's department as expert witnesses."

Petitioner argues only with the breadth of the opinion. He concurs with the opinion to the extent that he should not be permitted to defend criminal cases in Jefferson County, but asserts he should be permitted to defend criminal cases outside Jefferson County.

He concurs with the opinion that he should not be permitted to practice in motor vehicle cases arising within the territorial jurisdiction of his department, Jefferson County, but asserts that limitation should be narrowed to the area of Jefferson County outside the city of Louisville and other cities in Jefferson County that maintain their own police departments.

As to representation in criminal cases, we are of the opinion that petitioner is in the identical position as the Commonwealth's attorney who is likewise not permitted to defend criminal cases anywhere within the Commonwealth. As we view the proposition, it is not a question of propriety,

William T. Warner, Wood, Goldberg, Pedley & Stansbury, Louisville, for petitioner.

Leslie G. Whitmer, Kentucky Bar Ass'n, John T. Damron, Kentucky Bar Ass'n, Frankfort, for respondent.

PER CURIAM.

The petitioner, a member of the bar, a captain of and legal adviser to the Jefferson County Police Department, seeks review pursuant to RCS 3.530(e) of an advisory opinion of the Kentucky Bar Association.

The advisory opinion held that in the course of petitioner's private practice of law

it is the fundamental fact that petitioner by virtue of his position with the Jefferson County Police Department owes his allegiance to the Commonwealth, and the defense of criminal cases outside Jefferson County would not be consistent with such allegiance.

We do not consider *In Re Kenton County Bar Association*, 314 Ky. 664, 236 S.W.2d 906 (1951), applicable to the situation presented here.

■ As to representation in motor vehicle cases, we are of the opinion that petitioner's position with the Jefferson County Police Department militates against such representation. It may be, as argued by petitioner, that as a practical matter the Jefferson County Police Department does not ordinarily or routinely become involved in motor vehicle cases in areas of the county within the larger cities which maintain their own police departments. Unlikely though it may be that officers from petitioner's department would investigate a motor vehicle accident in the larger cities of Jefferson County, the Jefferson County Police Department has jurisdiction in those cities. KRS 70.540. Police officers who investigate motor vehicle accidents routinely appear in court as witnesses in subsequent litigation. Petitioner, as a police officer and a member of the bar representing a client in a motor vehicle case, would place himself in an awkward position in the eyes of the public who would not understand the fine distinction between overlapping jurisdictions and the practical applications thereof as between petitioner's department and the various police departments of the cities of Jefferson County.

The opinion of the Kentucky Bar Association is affirmed.

All concur.