**Donald HOWERTON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–80–489.**

Court of Criminal Appeals of Oklahoma.

Feb. 4, 1982.

Rehearing Denied Mar. 2, 1982.

John M. Stuart, Kee, Kramer & Stuart, Duncan, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

This case stands or falls on the propriety of a part-time district attorney representing an indigent defendant. We hold today that it is improper and constitutes fundamental error.

A member of the bar who is a part-time district attorney may not be appointed to defend persons either within or outside the jurisdiction in which he serves as assistant district attorney. A district attorney represents the State of Oklahoma to enforce its criminal laws. His first and foremost duty is to represent the State in criminal proceedings, and, he cannot represent a defendant where the State of Oklahoma is the opposing party. One cannot adequately serve two masters; these positions are inherently antagonistic and irreconcilable. The Vermont Supreme Court many years ago appropriately stated:

It is a matter of common knowledge, of which we take judicial notice, that it has been the practice of some state's attorneys to appear in another county in the state and defend a respondent charged with committing a crime in such other county, or to appear in proceedings in which the state was an opposing party or had adverse interests. Such practice is unethical and improper and it should not be followed or countenanced. A state's attorney in this state is not merely a prosecuting officer in the county in which he is elected. He is also an officer of the state, in the general matter of the enforcement of the criminal law. It is the state, and not the county that pays his salary and official expenses. *In re Wakefield*, 107 Vt. 180, 177 A. 319 (1935).

The Oklahoma Bar Association Board of Governors, in Advisory Opinion 254, quoting from an opinion by the Committee on Professional Ethics of the American Bar Association, Formal Opinion No. 142 (May 9, 1935) stated, "[a] public prosecutor has as his client the State. It is obvious therefore he cannot, appear for any defendant in cases in which the state is an adverse party..." The potential for conflicting interests are numerous. Effective representation may mandate that defense counsel attack the constitutionality of state laws, which in his prosecutorial function he is required to defend. He may as defense counsel be required to question and attack the methods used by law enforcement officials and the prosecution.

The Fourth Circuit Court of Appeals in *Goodson v. Peyton*, 351 F.2d 905 (4th Cir. 1965), addressed several possible conflicts that may arise where a prosecutor from an adjoining county represents a criminal defendant. The Court stated:

If the defendant seeks to be represented by one he knows to be the Commonwealth's Attorney in another county, there may be no difficulty in communication between them. If he did not seek it, however, the defendant may be reluctant to confide in a lawyer whom he knows to be a state prosecutor. This would be particularly true if the crime were not uncomplicated, or were of a type which might have ramifications in other coun-

ties. Even in the usual case, it would be difficult to find a basis for perfect assurance that the full and open disclosure which the attorney-client relations requires might not involve information about other crimes, information which the defendant would wish to remain undisclosed to any prosecutor.

The possibility of a need for a change of venue to the county in which defense counsel is the prosecuting attorney may be remote, but the possibility of conflict in the other areas we have mentioned are not. Decided possibilities of conflicts in interest are inherent in the situation when a Commonwealth's Attorney undertakes the role of defense counsel in an adjoining county. *They are all the greater when the court has selected the lawyer.* (Emphasis added).

The public has a right to absolute confidence in the integrity and impartiality of the administration of justice. The conflicts presented [1] in this case, at the very minimum, give the proceeding an appearance of being unjust and prejudicial.[2] In this situation, it is difficult if not impossible to determine whether the defendant's representation was affected by the conflict. The trial judges of this State are respectfully requested to cease making these appointments. In the interests of fair and impartial administration of justice we hold that this cause should be REVERSED and REMANDED for a new trial.

BRETT, P.J., and BUSSEY, J., concur.

---

1. *See Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), in which the Supreme Court held that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *See also, People v. Kester,* 66 Ill.2d 162, 5 Ill.Dec.

246, 361 N.E.2d 569 (1977); *contra, Yates v. Peyton,* 207 Va. 91, 147 S.E.2d 767 (1966).

2. This opinion does not question the propriety or the effectiveness of the defense attorney's representation, since he was ordered by the trial court to assist Howerton.