The Honorable Bob Lowery Circuit Chancery Judge 9th Judicial District West Sevier County Courthouse DeQueen, Arkansas 71832
Dear Judge Lowery:
This is in response to your request for an opinion on the two following questions:
 1. Can an Arkansas deputy prosecuting attorney who is allowed a private practice legally represent a criminal defendant in the rest of the State of Arkansas outside the judicial district he serves?
 2. If the answer to Question Number 1 is yes, is it ethical for an Arkansas deputy prosecuting attorney who is allowed a private practice to represent a criminal defendant in the rest of the State of Arkansas outside the judicial district he serves?
It is my opinion that the answer to your first question is "yes," such conduct is "legal." There is some disagreement as to the answer to your second question, and the issue may ultimately have to be resolved by clarifying legislation or judicial rule, but in my opinion, a convincing argument can be made, supported by adequate authority, that this practice is unethical.
In Arkansas, some deputy prosecuting attorneys are allowed to engage in private practice. As to the elected prosecuting attorneys, a state statute governs the question. In a "Division A" judicial district the elected prosecuting attorney may not engage in private practice, and in "Division B" districts, he or she may engage in private practice. See A.C.A. §16-21-118 (1987). This statute, however, does not refer to deputy prosecuting attorneys. There are some specific statutes which prohibit certain deputy prosecuting attorneys from the private practice of law,[1] but your question refers to a deputy prosecutor whose private practice is not proscribed by statute.[2]
In my opinion, deputy prosecuting attorneys who are not prohibited from engaging in the private practice of law may "legally" represent criminal defendants outside their judicial districts because there is no state statute which proscribes this conduct.[3] The absence of such a law renders the conduct "legal."
Your second question, however, is whether such conduct is "ethical." The seminal case on the question appears to be In re Wakefield, 107 Vt. 180,177 A. 319 (1935), in which it was stated:
 It is a matter of common knowledge, of which we take judicial notice, that it has been the practice of some State's attorneys to appear in another county in the State and defend a respondent charged with committing a crime in such other county, or to appear in proceedings in which the State was an opposing party or had an adverse interest. Such practice is unethical and improper and it should not be followed or countenanced. A State's attorney in this State is not merely a prosecuting officer in the county in which he is elected. He is also an officer of the State, in the general matter of the enforcement of the criminal law. It is the State and not the county, that pays his salary and official expenses.
107 Vt. at 189.
Of course, in Arkansas, the State does not pay the salaries of the deputy prosecuting attorneys. They are paid by the counties. See note 3, supra.
In my opinion, however, this distinction is not sufficient to entirely discount the rationale of In re Wakefield. In either case, the "client" of the deputy prosecuting attorney is the state. The deputy prosecuting attorney acts adversely to the interests of this client when he or she seeks to represent a separate client, a defendant, in a criminal proceeding against the state. At least one other court has so held. InHowerton v. State, 640 P.2d 566 (Okla. 1982), a criminal defendant had his conviction overturned and remanded for a new trial because he had been represented below by a part-time district attorney who was appointed as his counsel. The court held that this was improper and constituted "fundamental error," stating:
 A member of the bar who is a part-time district attorney may not be appointed to defend persons either within or outside the jurisdiction in which he serves as assistant district attorney. A district attorney represents the State of Oklahoma to enforce its criminal laws. His first and foremost duty is to represent the State in criminal proceedings, and, he cannot represent a defendant where the State of Oklahoma is the opposing party. One cannot adequately serve two masters; these positions are inherently antagonistic and irreconcilable.
640 P.2d at 566 (Okla. 1982).
Another court addressing a similar issue refused to overturn a similar defendant's conviction based upon an ineffective assistance of counsel argument, holding that the issue was ultimately one for the legislature, but stated that the conduct was "bad practice" and should be discontinued. See Yates v. Peyton, 207 Va. 91, 147 S.E.2d 767 (1966).See also Goodson v. Peyton, 351 F.2d 905 (4th Cir. 1965) (court refused to set aside conviction of defendant represented by public prosecutor on conflict of interest or ineffective assistance, but suggesting that in the future, the better rule would be a per se one that such a defendant had not received a fair trial.); and Maginnis' Case, 269 Pa. 186,112 A. 555 (1921) (assistant district attorney appearing in another county for criminal defendant held subject to suspension). Cf. also, Tucker v.Kentucky Bar Ass'n, 550 S.W.2d 467 (1976) (captain and legal advisor to county police department and his associates could not ethically defend criminal cases in any court in the state).
In addition to these authorities, it appears that the National District Attorneys Association's "National Prosecution Standards" (2d Ed. 1991) prohibit the conduct you describe. Standard 7.2 (a) states that: "In those jurisdictions which do not prohibit private practice by a prosecutor: The prosecutor should avoid representation in all criminal and quasi-criminal defense regardless of the jurisdiction." In addition, at least some legal commentators have suggested that the conduct is unethical. See, e.g., Brenner and Durham, Towards Resolving Prosecutor Conflicts of Interest, 6 Geo. J. Legal Ethics 415 (Winter 1993).
It appears, however, that the American Bar Association Standards for Criminal Justice-Prosecution Function Standards, Standard 3-1.3(b) (3rd Ed. 1993) does not disapprove of the conduct, stating only that: "[a] prosecutor should not represent a defendant in criminal proceedings in a jurisdiction where he or she is also employed as a prosecutor."
The question of whether such conduct is "ethical" in Arkansas may ultimately be a decision for the Arkansas Supreme Court, through the operation of its "Committee on Professional Conduct." Although the Arkansas Model Rules of Professional Conduct governing the practice of law do not speak to this issue directly, Model Rule 1.7 does state that: "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client . . ." with some exceptions. As stated previously, a deputy prosecuting attorney, in prosecuting felony criminal cases, represents the state. The opposing party in his representation of a criminal defendant in another jurisdiction is also the state. These interests would appear to be directly adverse.
In sum, although there is some disagreement on the answer to your second question, and although legislative or judicial clarification may be indicated, there is some authority indicating that the practice you describe is unethical.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] See, e.g., A.C.A. § 16-21-1703 (deputy prosecutors in the Twelfth Judicial District not to engage in private practice); and A.C.A. §16-21-1102(a)(4)(A)(iii) (part-time deputy prosecutor in the Sixth Judicial District to only engage in civil private practice).
[2] I assume, additionally, that there is no relevant quorum court ordinance restricting the private practice of the deputy in question.
[3] It may be necessary to look to the provisions of any relevant local quorum court ordinance to determine whether the particular county in question proscribes this conduct although it is somewhat unclear whether a county has the authority to legislate in the area. Cf. Venhaus v.State, 285 Ark. 23, 684 S.W.2d 252 (1985). Counties are charged with the responsibility of paying the salaries of deputy prosecuting attorneys (see A.C.A. § 16-21-146 (1987) and 16-21-1704 (Supp. 1995)), although such deputies are in all likelihood state officers. See Martindale v.Honey, 259 Ark. 416, 533 S.W.2d 198 (1976), and Ops. Att'y Gen. 93-010; 92-148; 91-278; 91-190; and 91-159.