[No. 44834-0-I.   Division One.   February 12, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL A.
TJEERDSMA, *Appellant*.

*Suzanne L. Elliott*, for appellant.

*Thomas L. Verge, Prosecuting Attorney*, and *Erik Pedersen, Deputy*, for respondent.

APPELWICK, J. — Michael Tjeerdsma asks this court to hold that he was denied effective assistance of counsel in his trial in Superior Court because of a conflict of interest on the part of his attorney. His trial counsel was a Municipal Prosecutor and key witnesses were city law enforcement officials. After Tjeerdsma's trial but before his sentencing, defense counsel was also appointed as Special Deputy Prosecutor in the same county in which Tjeerdsma was prosecuted. We affirm the trial court's dismissal of Tjeerdsma's ineffective assistance of counsel claim as he

has failed to show an actual conflict of interest arising from his counsel's position as a Municipal Prosecutor. Tjeerdsma declined resentencing thus waiving his remedy for counsel's position as Special Deputy Prosecutor.

## FACTS

In 1998, a jury in Skagit County convicted Michael Tjeerdsma of possession of less than two kilograms of cocaine with intent to deliver. The charge arose from an undercover drug purchase made in Mount Vernon, Washington by the Skagit County Interlocal Drug Enforcement Unit. Two police officers were involved in the investigation of the case. One of the officers was employed by the Mount Vernon Police Department, but had been assigned to the Skagit County drug unit since 1996. The Mount Vernon Police Department stored all of the evidence against Tjeerdsma, and later released the evidence to the Washington State Patrol Crime Lab to be tested.

Richard Weyrich, from the Law Office of Weyrich and Verge, represented Tjeerdsma against the State's criminal charge. After sentencing, Tjeerdsma learned that Weyrich was a Municipal Court Prosecutor for the City of Mount Vernon. In addition, Tjeerdsma learned that on March 4, 1999, during the interval between the end of Tjeerdsma's trial and the sentencing date, the Skagit County Prosecutor's Office appointed Weyrich to handle a conflicts case. Tjeerdsma retained new counsel and filed a motion to reverse his conviction and dismiss the charge. Tjeerdsma alleged he was denied effective assistance of counsel due to the simultaneous representation of him and the Mount Vernon Police Department by his trial counsel.

The trial court concluded that Weyrich's position as city prosecutor did not create an actual conflict of interest. The court did, however, offer Tjeerdsma an opportunity to be resentenced based on the State's concession that Weyrich's appointment as a Special Deputy Prosecutor created a conflict of interest. Tjeerdsma declined to be resentenced.

## DISCUSSION

■■ A claim that counsel represented conflicting interests necessarily implicates a claim that counsel was ineffective. The Sixth Amendment, applicable to the States through the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." "The constitutional right to counsel includes the right to assistance of counsel free from conflicts of interest." *State v. Davis*, 141 Wn.2d 798, 860, 10 P.3d 977 (2000).

■■ "The mere possibility of a conflict of interest is not sufficient to 'impugn a criminal conviction.'" *Davis*, 141 Wn.2d at 861 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980)). "A defendant who does not raise an objection at trial must demonstrate '*an actual conflict of interest* adversely affected his lawyer's performance' in order to obtain relief on appeal." *Davis*, 141 Wn.2d at 861 (quoting *Cuyler*, 446 U.S. at 348-49) (emphasis added). "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Davis*, 141 Wn.2d at 864 (quoting *Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) citing *Cuyler*, 446 U.S. at 348-50). Each of the two prongs must be met. Our Court has said that "[t]he application of these rules is not limited to joint representation of codefendants. While most of the cases have involved that fact situation, the rules apply to any situation where defense counsel represents conflicting interests." *In re Personal Restraint of Richardson*, 100 Wn.2d 669, 677, 675 P.2d 209 (1983) (citations omitted).

Tjeerdsma urges this court to follow the Illinois Supreme Court and establish a per se rule mandating reversal when a prosecutor represents a defendant within the same county in which he or she prosecutes. The Illinois court rejected the "actual conflict" test from *Cuyler*, concluding

that the test applied only to joint representation cases. *See People v. Washington*, 101 Ill. 2d 104, 461 N.E.2d 393 (1984). Having concluded that *Davis* and *Richardson* directs us to apply *Cuyler*, we decline Tjeerdsma's invitation to adopt a new rule.

## ACTUAL CONFLICT

■■ An actual conflict of interest occurs if, during the course of representation, the parties' interests diverge with respect to a " 'material factual or legal issue or to a course of action.' " *State v. Robinson*, 79 Wn. App. 386, 394, 902 P.2d 652 (1995) (quoting *Sullivan v. Cuyler*, 723 F.2d 1077, 1086 (3d Cir. 1983)). "To demonstrate that the lawyer's performance was 'adversely affected' by the actual conflict, the defendant must show the conflict 'hampered his defense.' " *Robinson*, 79 Wn. App. at 395 (quoting *State v. Lingo*, 32 Wn. App. 638, 646, 649 P.2d 130 (1982)). The defendant must point to specific instances in the record suggesting that the attorney was caught in a " 'struggle to serve two masters.' " *State v. Robinson*, 79 Wn. App. at 395 (quoting *Glasser v. United States*, 315 U.S. 60, 75, 62 S. Ct. 457, 86 L. Ed. 680 (1942)).

### A. Status as a Municipal Prosecutor

■ The record in this case does not show that Weyrich, as a Municipal Prosecutor, owed a duty to anyone whose interests were adverse to Tjeerdsma. The professional service agreement required Weyrich to "represent the City in the prosecution of all misdemeanors and civil infractions filed by the City in the Mount Vernon Municipal Court or the Skagit County District Court . . . ." The Mount Vernon Municipal Court has no felony jurisdiction. The agreement expressly designates that the client "shall be the City of Mount Vernon, Washington, and not any individual office or department thereof." Thus, Weyrich owed a duty only to the City of Mount Vernon, and not the Mount Vernon Police Department or the Skagit County drug unit. Tjeerdsma has not demonstrated that the City's and Tjeerdsma's interests

were in actual conflict with respect to a factual or legal issue.

Tjeerdsma has not even identified any act or omission which would indicate that Weyrich's representation was tainted or hampered by a conflict because of some connection to the witnesses or the City of Mount Vernon Prosecutor's Office. Weyrich had never advised or represented any of the witnesses from the Mount Vernon Police Department. The city law enforcement official irrefutably claimed that he has never referred any case to the Mount Vernon Municipal Court for prosecution, and did not recall ever talking to Weyrich about any case filed in that court. The evidence technician also stated that Weyrich had never advised her as to the handling of evidence in a criminal case. No actual connection was established, let alone a conflict.

The second prong of *Cuyler* requires a defendant to show that defense counsel *actively* represented conflicting interests. Having concluded that Tjeerdsma has failed to show an actual conflict, we need not reach this prong. We note, however, that the record substantially supports the trial court's finding that "Weyrich's performance in representing the defendant was thorough and vigorous and not deficient and the defendant was not prejudiced by the performance of Richard Weyrich."

B. Status as a Special Deputy Prosecutor for Skagit County

■■ ■■ As a prosecutor for Skagit County, Weyrich's client was the State of Washington. His duties required him to prosecute state criminal violations. As conceded by the State below, Weyrich's position as prosecutor for Skagit County created a conflict of interest for purposes of the sentencing proceeding which occurred after appointment. Tjeerdsma argues that the court's offer to resentence him did not cure any direct conflict of interest created by Weyrich's appointment as special prosecutor. He claims that trial counsel must have been discussing his appointment with the county prosecutor for some period of time

before he was formally appointed, and that it is reasonable to assume that only a close personal and or professional relationship of some duration would result in such an appointment. Accordingly, Tjeerdsma argues that Weyrich's representation of him was compromised even before his sentencing, and presumably during his representation of Tjeerdsma at trial. For these reasons, Tjeerdsma argues that the fact that the formal appointment took place only after Tjeerdsma's trial is irrelevant.

To the contrary, Weyrich would owe a duty to Skagit County only upon accepting the position of Special Deputy Prosecutor. This court will not assume that an attorney who negotiates or contemplates a prosecuting attorney position is unable to vigorously advocate for a criminal defendant. The court offered Tjeerdsma an adequate remedy for any conflict that may have existed at the time of sentencing. Because he has declined to accept that court's remedy, he has waived the remedy, and is not now entitled to a new sentencing hearing.

## C. Violation of Ethics Rules

Contrary to Tjeerdsma's claim, an attorney's conduct in violation of an opinion from the Washington State Bar Association or the Rules of Professional Conduct does not constitute an actual conflict of interest for purposes of an ineffective assistance of counsel claim. While a violation of either one of these sources may provide grounds for disqualification on the trial level, they do "not embody the constitutional standard for effective assistance of counsel on appeal." *State v. White*, 80 Wn. App. 406, 412-13, 907 P.2d 310 (1995).

## D. Judicially Imposed Ethical Rule

Tjeerdsma cites to *People v. Rhodes*, 12 Cal. 3d 180, 524 P.2d 363, 115 Cal. Rptr. 235 (1974), and *State v. Clark*, 162 N.J. 201, 744 A.2d 109 (2000), where the courts applied a judicially imposed court rule prohibiting prosecutors from representing a criminal defendant in a county where the defendant is criminally charged. These courts did

not apply the test for ineffective assistance of counsel under the Sixth Amendment. Tjeerdsma's acknowledgment of the different tests between a judicially imposed rule and a constitutional ineffective assistance claim is demonstrated in his reply brief, where Tjeerdsma, for the first time, asks that his conviction be reversed on public policy grounds. This court will not consider issues first raised in a reply brief. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (issue raised and argued for the first time in a reply brief is too late to warrant consideration). While the practice of dual representation may very well raise serious ethical problems for practitioners, only the Supreme Court has authority to promulgate the rule Tjeerdsma seeks. *See Short v. Demopolis*, 103 Wn.2d 52, 62, 691 P.2d 163 (1984).

## Sufficiency of the Evidence

Tjeerdsma claims there is insufficient evidence to prove that he possessed the cocaine for anything other than personal use. Tjeerdsma's only argument is that the informant's testimony is not worthy of belief because the informant was motivated solely by a desire to save himself from a lengthy prison sentence. Since credibility determinations are for the trier of fact, we will not review them on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Viewing the evidence in the light most favorable to the State, we find that any rational trier of fact could have found that Tjeerdsma met the informant at the bus depot with the intent to sell the cocaine. *See State v. Joy*, 121 Wn.2d 333, 338, 851 P.2d 654 (1993). Officer Don testified that he was present when the informant spoke with Tjeerdsma over the telephone and arranged to buy two ounces of cocaine for $1,100 from Tjeerdsma. Officer Don, along with the informant and another officer, went to the bus depot in Mount Vernon to meet with Tjeerdsma as planned. While the officers waited inside the van, the informant met with Tjeerdsma. The informant later re-

turned to the van and told the two officers that Tjeerdsma had drugs on his person. The officers arrested Tjeerdsma and located two bags of cocaine on him. Although Tjeerdsma denied meeting the informant with the intent of selling him drugs, the jury believed the State's case, and convicted him as charged. The evidence is sufficient to sustain the conviction.

Affirmed.

COLEMAN and COX, JJ., concur.