[No. 84452-6.   En Banc.]
Argued May 12, 2011.     Decided February 16, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD CHARLES
TRACER, *Petitioner*.

*Thomas E. Weaver Jr.*, for petitioner.

*Scott W. Rosekrans, Prosecuting Attorney*, and *Pamela B. Loginsky* (of *Washington Association of Prosecuting Attorneys*), for respondent.

¶1 FAIRHURST, J. — This case requires us to resolve four issues that arose after a special deputy prosecuting attorney failed to attend a pretrial hearing and a superior court judge appointed a local defense attorney to take her place. The State appealed the resulting judgment and sentence and the trial court's refusal to vacate its appointment. Division Two of the Court of Appeals found the appointment improper and vacated the defendant's guilty plea. We now affirm in part, reverse in part, and remand for further proceedings.

## FACTS

¶2 On May 25, 2007, Richard Charles Tracer was driving a car while intoxicated. Tracer got into an accident and another person was injured.[1] Tracer was arrested and charged with vehicular assault. He spent the next five days in jail.

¶3 Tracer is the son of a Jefferson County sheriff's office employee, and the sheriff's office has a close working relationship with the prosecuting attorney's office. To avoid the appearance of impropriety, elected Jefferson County Prosecuting Attorney Juelanne Dalzell appointed Andrea Vingo as special deputy prosecuting attorney to handle Tracer's case.

¶4 During the next 11 months, Tracer was scheduled for nine pretrial hearings. The record does not fully document Vingo's attendance at these hearings, but it appears to have been sporadic.[2] On May 8, 2008, Vingo and Tracer reached

---

[1] The Court of Appeals incorrectly stated that Tracer's counsel attributed the accident to a meteor. *State v. Tracer*, 155 Wn. App. 171, 176, 229 P.3d 847 (2010). Tracer's counsel actually said, "I have hired an accident reconstructionist and basically it is *as if* . . . his car was hit by a meteor. It was an accident but it turns out that it was all the other car's fault." Clerk's Papers at 91 (emphasis added).

[2] Tracer reports that Vingo appeared in person twice (June 8, 2007, Apr. 11, 2008), by phone twice (Jan. 4, 2008, Jan. 11, 2008), through the local prosecuting attorney's office twice (Sept. 14, 2007, Nov. 2, 2007), and through defense counsel once (Mar. 14, 2008). Tracer also reports that Vingo failed to appear on December 28, 2007. Vingo also failed to appear on May 9, 2008.

some sort of agreement to amend Tracer's charge to driving while under the influence (DUI), but the finality of the agreement is in dispute. Vingo says she had "no problem with such an amendment in principle, but that there were formalities to be observed." Clerk's Papers (CP) at 134. Tracer's counsel asserts that the agreement was "a firm deal." CP at 145.

¶5 Tracer appeared for a pretrial hearing on May 9, 2008, but Vingo again failed to appear.[3] Ted DeBray, a Jefferson County deputy prosecuting attorney present in the court on another matter, asked the court to continue Tracer's hearing for another week. In response, Tracer's counsel informed the court that an agreement had been reached to amend Tracer's charge to DUI. Counsel also informed the court that time was of the essence because Tracer had received a job offer contingent on the resolution of his case.

¶6 Presiding Judge Craddock Verser agreed that Tracer's case should be resolved. After DeBray declined to substitute for Vingo because of the appearance of impropriety, Judge Verser verbally contemplated appointing Noah Harrison, a local defense attorney present in court for an unrelated matter, as special deputy prosecuting attorney to represent the State. Harrison responded, "It's a conflict." CP at 90. Tracer's counsel attempted to reach Vingo by phone, but there was no answer. Judge Verser appointed Harrison as a special deputy prosecuting attorney. The court recessed for Harrison to review Tracer's case file.

¶7 Approximately two-and-one-half hours later, Harrison informed the court that changing Tracer's plea to DUI appeared to be appropriate. Judge Verser accepted Harrison's oral motion to amend the charge from vehicular assault to DUI and accepted Tracer's guilty plea. CP at 96. Judge Verser sentenced Tracer to 365 days in jail, 360 days

---

[3] Although Vingo provided no explanation for her absence at the time, she later alleged she was ill.

suspended, with credit for 5 days of time served. Tracer was also assessed with fines and costs of roughly $3,800. Harrison did not request, and the court did not impose, restitution or crime victim compensation as required by law.

¶8 Upon learning of Tracer's plea agreement, Dalzell filed a motion for reconsideration and a motion to vacate the judgment and sentence. The superior court denied the State's motions, and the State timely appealed.

¶9 Division Two of the Court of Appeals reversed and remanded on several grounds. Among other things, the Court of Appeals held that (1) the State was permitted to appeal; (2) the trial court was authorized to appoint a special prosecuting attorney, but Harrison was not qualified to serve in that position because of a conflict of interest; (3) Harrison did not act as a de facto public official; and (4) remand for a trial on Tracer's original assault charge would not violate the double jeopardy clause. *State v. Tracer*, 155 Wn. App. 171, 176, 229 P.3d 847 (2010). We granted Tracer's petition for review. *State v. Tracer*, 169 Wn.2d 1010, 236 P.3d 205 (2010). We affirm the Court of Appeals on these issues, and we remand for further proceedings in the superior court. We reverse the Court of Appeals' holding that the case must be remanded to a different trial judge.

## ISSUES

¶10 A. Whether RAP 2.2(b)(1) permits the State's appeal of Tracer's judgment and sentence.

¶11 B. Whether RCW 36.27.030 authorizes a trial court to appoint a special deputy prosecuting attorney, and whether Harrison was qualified to serve as a special deputy prosecuting attorney.

¶12 C. Whether the de facto public official doctrine bars the State's challenge to Harrison's acts as special deputy prosecuting attorney.

¶13 D. Whether remand of Tracer's case violates the double jeopardy clause.

## ANALYSIS

A. RAP 2.2(b)(1) permits the State to appeal Tracer's judgment and sentence

¶14 The first issue is a threshold matter as to whether the State may appeal in this case. As long as a defendant's double jeopardy rights are not violated,[4] the State may appeal "[a] decision that in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty." RAP 2.2(b)(1).

¶15 Tracer asserts that his judgment and sentence is not appealable because the superior court did not discontinue his case but only discontinued prosecution of the vehicular assault charge. According to Tracer, because the actual cause number of the case continued, the plain text of RAP 2.2(b)(1) precludes the State's appeal.

¶16 But Tracer's attempt to distinguish between the discontinuation of a case and the discontinuation of a charge is unsupported by the plain text of the rule. RAP 2.2(b)(1) broadly permits the State to appeal superior court decisions resolving the disposition of a case and bars the State from appealing only a "judgment or verdict of not guilty." That is not the situation here. As the Court of Appeals correctly held, "The trial court's actions discontinued prosecution of the vehicular assault charge and determined the resolution of that charge by a means other than a judgment or verdict of not guilty." *Tracer*, 155 Wn. App. at 181. We therefore affirm the Court of Appeals on this issue and hold that RAP 2.2(b)(1) does not preclude the State's appeal of Tracer's judgment and sentence.

---

[4] The double jeopardy issue is discussed *infra* Part D.

B.   RCW 36.27.030 authorizes a trial court to appoint a special deputy prosecuting attorney, but Harrison was not qualified to serve as a special deputy prosecuting attorney due to a conflict of interest

¶17  Two separate but related questions arise from the superior court's appointment of Harrison as substitute special deputy prosecuting attorney. The first question is whether the superior court was authorized to appoint a special deputy prosecuting attorney to serve in Vingo's place, and the second is whether the court's appointment of Harrison was proper under the circumstances of this case. We address these questions in turn.

¶18  A prosecuting attorney is a public official appointed or elected to represent the State in actions and proceedings before the courts. *See generally* RCW 36.16-.030. A prosecuting attorney has a duty to appear for and represent his or her jurisdiction in criminal and civil proceedings in which the jurisdiction is a party. *See* RCW 36.27.020(3). When a prosecuting attorney is unable to perform his or her official duties, a court is empowered to appoint a replacement prosecuting attorney under RCW 36.27.030.

¶19  RCW 36.27.030 states, "When from illness or other cause the prosecuting attorney is temporarily unable to perform his or her duties, the court or judge may appoint some qualified person to discharge the duties of such officer in court until the disability is removed." RCW 36.27.030 further states, "When any prosecuting attorney fails, from sickness or other cause, to attend a session of the superior court of his or her county, or is unable to perform his or her duties at such session, the court or judge may appoint some qualified person to discharge the duties of such session."[5]

---

[5] The full text of RCW 36.27.030 reads:

When from illness or other cause the prosecuting attorney is temporarily unable to perform his or her duties, the court or judge may appoint some

¶20 Because RCW 36.27.030 uses the term *"the* prosecuting attorney" in its opening paragraph, the State argues that the plain text of RCW 36.27.030 does not authorize the superior court to appoint a replacement for a special deputy prosecuting attorney, but only for the elected prosecuting attorney. (Emphasis added.) The State notes that several other statutes within chapter 36.27 RCW address the duties and functions of "deputy prosecuting attorneys" and "special deputy prosecuting attorneys."[6] Because RCW 36.27.030 does not use these more specific terms, the State concludes that the statute cannot be fairly read to allow appointment to replace all prosecuting attorneys.[7]

¶21 The State's argument fails because it ignores other, dispositive language within the statute. RCW 36.27.030 contains two paragraphs. The first paragraph permits the replacement of *"the* prosecuting attorney" when he or she cannot discharge the duties of the office, and the second paragraph permits the replacement of *"any* prosecuting

qualified person to discharge the duties of such officer in court until the disability is removed.

When any prosecuting attorney fails, from sickness or other cause, to attend a session of the superior court of his or her county, or is unable to perform his or her duties at such session, the court or judge may appoint some qualified person to discharge the duties of such session, and the appointee shall receive a compensation to be fixed by the court, to be deducted from the stated salary of the prosecuting attorney, not exceeding, however, one-fourth of the quarterly salary of the prosecuting attorney: PROVIDED, That in counties wherein there is no person qualified for the position of prosecuting attorney, or wherein no qualified person will consent to perform the duties of that office, the judge of the superior court shall appoint some suitable person, a duly admitted and practicing attorney-at-law and resident of the state to perform the duties of prosecuting attorney for such county, and he or she shall receive such reasonable compensation for his or her services as shall be fixed and ordered by the court, to be paid by the county for which the services are performed.

[6] *See* RCW 36.27.040 (authorizing the appointment of deputy and special deputy prosecuting attorneys by "the prosecuting attorney"); RCW 36.27.060 (prohibiting some instances of private practice for "the prosecuting attorney" and for "deputy prosecuting attorneys").

[7] In a supplemental brief, the State argues that the superior court cannot appoint a substitute deputy prosecuting attorney absent a formal hearing with notice and opportunity to be heard by the prosecuting attorney's office. However, the State grounds its argument on citation to foreign jurisdictions with statutory schemes for the judicial appointment of prosecuting attorneys that are different from RCW 36.27.030; therefore, we reject this argument.

attorney" when such attorney cannot discharge his or her official duties. RCW 36.27.030 (emphasis added). As pertaining to the conditions for appointment, both paragraphs are functionally identical, except that the first paragraph specifies a particular prosecuting attorney and the other broadly applies to "any" prosecuting attorney.

¶22 It is a basic rule of statutory construction that the legislature intends different terms used within an individual statute to have different meanings. *State v. Roggenkamp*, 153 Wn.2d 614, 625, 106 P.3d 196 (2005). The difference in language between the two paragraphs indicates that the legislature provided for judicial appointment in two separate situations. The first paragraph applies when the *elected* prosecuting attorney is unable to perform his or her duties, and the second paragraph applies when *any* prosecuting attorney is unable to perform his or her duties. While the State urges us to read RCW 36.27.030 in the shadow of other statutory sections in chapter 36.27 RCW, we need not do so because the language of RCW 36.27.030 plainly authorizes the superior court to appoint a replacement for either the elected prosecuting attorney or any subordinate prosecuting attorney. *See State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (when the plain language of a statute is unambiguous, the legislative intent is apparent, and we will not construe the statute otherwise). Instead, we affirm the Court of Appeals' holding that RCW 36.27.030 conferred sufficient authority for the superior court to appoint a special deputy prosecuting attorney to substitute for an absent deputy prosecuting attorney.

¶23 Although RCW 36.27.030 permits a superior court to appoint a temporary special deputy prosecuting attorney, a second question is whether the court could properly appoint Harrison in this case. As noted above, RCW 36.27.030 authorizes a court or judge to "appoint some *qualified* person" to discharge the duties of a prosecuting attorney. (Emphasis added.) While the statute does not define "qualified," it seems beyond dispute that a qualified

attorney must not be ethically prohibited by the Rules of Professional Conduct (RPC) from discharging the prosecuting attorney's duties. Instead, a special deputy prosecuting attorney must be able to protect the public interest by fairly performing the functions of the office without a conflict of interest.

¶24 A concurrent conflict exists if "the representation of one client will be directly adverse to another client." RPC 1.7(a)(1). As the RPC committee's comment to this rule explains, "absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, *even when the matters are wholly unrelated.*" *Id.* cmt. 6 (emphasis added). The RPCs prohibit a lawyer from representing a client if a concurrent conflict of interest exists unless a strict exception is met that requires both clients' informed, written consent.

¶25 Division One of the Court of Appeals has recognized that a conflict of interest exists when an attorney represents a criminal defendant in superior court and simultaneously acts as a prosecuting attorney in the same county. *State v. Tjeerdsma*, 104 Wn. App. 878, 884-85, 17 P.3d 678 (2001) (conflict of interest was created when attorney representing a criminal defendant in Skagit County Superior Court was appointed as a special deputy prosecuting attorney for the Skagit County Prosecuting Attorney's Office in an unrelated case). In an advisory ethics opinion, the RPC committee opined that a concurrent conflict of interest arises when an attorney serves as a misdemeanor defense attorney in municipal court and also intermittently acts as a prosecuting attorney pro tempore for the city. Wash. State Bar Ass'n Advisory Op. 1766 (1997), *available at* http://mcle.mywsba.org/IO/.[8] The RPC committee found this to be true even though the attorney's representation of the defendants and the city related to different matters. *Id.*

---

[8] Although the language of the conflict of interest rule has changed slightly since the opinion was issued, the old RPC was materially the same: "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client." Former RPC 1.7(a) (1995).

¶26 The rationale for this rule lies in the appearance of impropriety created by vesting the "inherently antagonistic and irreconcilable" roles of the prosecution and the defense in one attorney. *Howerton v. State*, 1982 OK CR 12, 640 P.2d 566, 567. In holding that a part-time district attorney may not represent a criminal defendant anywhere in the state of Oklahoma,[9] the Court of Criminal Appeals of Oklahoma reasoned that although it was difficult or impossible to determine whether the representation was actually affected, "[t]he public has a right to absolute confidence in the integrity and impartiality of the administration of justice. The conflicts presented in this case, at the very minimum, give the proceeding an appearance of being unjust and prejudicial." *Id.* at 568 (footnote omitted).

¶27 Applying these principles here, defense attorney Harrison was not qualified to serve as a special deputy prosecuting attorney in this case. Harrison regularly represented criminal defendants in actions brought by the State of Washington in Jefferson County. When Harrison was appointed as a special deputy prosecuting attorney in Jefferson County, the State of Washington also became Harrison's client. *See* RCW 36.27.020(3) (the prosecuting attorney shall "[a]ppear for and represent the state"); *Tjeerdsma*, 104 Wn. App. at 884 (because Weyrich was "a prosecutor for Skagit County, Weyrich's client was the State of Washington"). The interests of the criminal defendants represented by Harrison were therefore directly adverse to the interests of the State. No one claims that Harrison received his clients' informed, written consent to undertake the representation. Therefore, even assuming Tracer's case was unrelated to Harrison's other criminal cases, a concur-

---

[9] We do not here decide whether a criminal defense attorney in one county may ethically serve as a special prosecuting attorney in another county. That issue is not before us.

rent conflict of interest existed under RPC 1.7, and the RPCs prohibit Harrison from representing the State.[10]

¶28 This conclusion not only comports with the RPCs but also avoids the appearance of impropriety. While it is usually the defendant's right to a fair trial that seems compromised in this type of conflicted representation, the interests of the State and the public appear to have been compromised here. Tracer's sentence did not include a penalty assessment for the crime victim fund, as required by law. *See* RCW 7.68.035(1)(a), (2). Vingo later claimed that she and Tracer's counsel had not yet agreed on the final details of the plea bargain. These inadequacies and disagreements cast a cloud of impropriety over the proceedings.[11] We therefore affirm the Court of Appeals' holding that the superior court erred in appointing Harrison because Harrison was not qualified to serve under RCW 36.27.020(3) due to a conflict of interest.

C. The de facto public official doctrine does not bar the State's challenge to Harrison's acts as special deputy prosecuting attorney

¶29 The next issue is whether the de facto official doctrine applies to save Harrison's appointment. Under the doctrine, "a person duly appointed to a public office is a de facto officer . . . . As such[,] his official acts are not subject to collateral attack." *State v. Carroll*, 81 Wn.2d 95, 108, 500 P.2d 115 (1972).

¶30 According to Tracer, even if Harrison lacked legal authority to represent the State, Harrison's acts were valid

---

[10] Because we conclude that Harrison was statutorily disqualified from serving as a special deputy prosecuting attorney, we need not reach the issue of whether the appointment violates the separation of powers doctrine.

[11] Harrison should not be blamed for the appearance of impropriety that arose, and we do not mean to cast any doubt on his character or reputation. Upon the trial judge's initial suggestion that Harrison be appointed as a special deputy prosecuting attorney, Harrison immediately responded, "It's a conflict." CP at 90. There is no evidence that Harrison acted with bias after the judge persisted in appointing him. Harrison should not suffer negative consequences for his good faith cooperation with the court's explicit instructions.

because he was a de facto official acting under apparent authority of law. In support of this argument, Tracer cites several cases, including *State v. Cook*, 84 Wn.2d 342, 350, 525 P.2d 761 (1974) (legal intern was de facto prosecuting attorney when "acting under color of his appointment by the prosecuting attorney"); *State v. Corcoran*, 7 Idaho 220, 61 P. 1034, 1036 (1900) (attorney from neighboring county had de facto authority to prosecute when district court appointed him and the responsible prosecutor stated he could not attend to his duties); and *State v. Smith*, 52 Wn. App. 27, 756 P.2d 1335 (1988) (court commissioner who was not technically qualified for the position but was appointed by the court had de facto authority to issue search warrant).

¶31 Tracer's argument fails because in each of these cases, the relevant agency did not object to the de facto official's authority. In contrast, the Jefferson County Prosecuting Attorney's Office, to which Harrison was ostensibly appointed, timely and unequivocally objected to Harrison's appointment.[12]

¶32 Further, because the de facto doctrine is based upon public policy, it applies only when it serves the public interest—when it would be " 'unjust and unreasonable to require every individual doing business with an officer to investigate and determine at his peril the title of such office.' " *Nat'l Bank of Wash. v. McCrillis*, 15 Wn.2d 345, 361, 130 P.2d 901 (1942) (quoting Joseph Jarrett, *De Facto Public Officers: The Validity of Their Acts and Their Rights to Compensation*, 9 S. Cal. L. Rev. 189, 218 (1936)). These concerns are not present here because Harrison served as a "special deputy prosecutor" for only two and one-half hours. "The temporary character" of Harrison's appointment "and the fact that only the parties litigant are concerned with his right to act, in our opinion destroy the basis for the normal rules concerning de facto [officers]." *Id.* at 361-62 (emphasis

---

[12] The "State's Motion Prohibiting Noah Harrison from Representing the State" was filed on May 19, 2008, 10 days after the hearing at which Harrison was appointed. CP at 99.

omitted). Under the circumstances presented here, Harrison cannot be said to have acted with apparent authority of the law, and the de facto official doctrine does not apply.

## D. Remand does not violate the double jeopardy clause

¶33 The final issue before us is whether remand of Tracer's case violates the double jeopardy clause. Under the Fifth Amendment to the United States Constitution, no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause bars (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984). However, the double jeopardy clause does not bar retrial when a court lacks authority to accept a defendant's guilty plea. *See, e.g., Genesee County Prosecutor v. Genesee Circuit Judge*, 391 Mich. 115, 215 N.W.2d 145 (1974) (double jeopardy does not bar prosecution where the trial judge did not have the authority to accept a guilty plea, over the prosecuting attorney's objection, to a lesser included offense).

¶34 Tracer contends that remand for a trial on the original vehicular assault charge would violate the double jeopardy clause. According to Tracer, "[r]egardless of whatever anomalies in the plea bargaining process may have occurred, the acceptance of the guilty plea resulted in a conviction, for which jeopardy attached." Pet. for Review at 13. Tracer's argument fails because it presupposes the result of the central legal issue in this case: the validity of Tracer's plea. As noted above, Harrison was not authorized to represent the State and had no authority to amend Tracer's charge to DUI. Because the amendment was invalid and the guilty plea was void, the trial court lacked authority to accept Tracer's plea and jeopardy did not attach. We therefore affirm the Court of Appeals on this issue and hold that remand of Tracer's case does not violate the double jeopardy clause.

## CONCLUSION

¶35 We affirm the Court of Appeals' holdings that the State has a right to appeal and that a superior court may appoint an attorney to replace any special prosecuting attorney but that Harrison was not qualified to serve as a prosecuting attorney due to a conflict of interest. In addition, we affirm the Court of Appeals' holdings that the de facto official doctrine does not save Harrison's appointment and that remand of Tracer's case does not violate the double jeopardy clause.

¶36 However, we reverse the Court of Appeals' holding that Tracer's case must be remanded to a different trial judge. While the State alleged that Judge Verser exhibited "continued animosity toward the State and bias in favor of Tracer," there is no evidence in the record to support this allegation. Br. of Appellant at 37. Contrary to the State's claim, Judge Verser did not keep "identifying dismissal of charges as the alternative response" for Vingo's absence. *Id.* Instead, Judge Verser stated, "Either [Tracer] goes to trial or he pleads to a lesser charge, or it gets dismissed, *and I certainly wasn't about to dismiss it.*" Verbatim Report of Proceedings (June 13, 2008) at 21 (emphasis added). Judge Verser did not exhibit animosity or bias but simply demonstrated frustration at Vingo's repeated failure to appear.

C. JOHNSON, CHAMBERS, OWENS, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., and ALEXANDER, J. PRO TEM., concur.

¶37 MADSEN, C.J. (concurring) — I agree with the majority that Richard Tracer's guilty plea must be vacated and that Noah Harrison was not an appropriate person to appoint as a special deputy prosecutor. However, I also believe the trial court exceeded its authority under RCW 36.27.030. I write separately to express these concerns.

Discussion

¶38 Under separation of powers principles, prosecutors are entitled to exercise discretion in determining what charges to file, when to file them, and, generally speaking, whether to amend them.[13] *State v. Korum*, 157 Wn.2d 614, 625, 655, 658, 141 P.3d 13 (2006); *State v. Lewis*, 115 Wn.2d 294, 299, 797 P.2d 1141 (1990). Trial courts may not substitute their judgment for the prosecutor's. *State v. Starrish*, 86 Wn.2d 200, 205, 544 P.2d 1 (1975). In the context of a plea agreement, the prosecutor and the defendant are the only "parties." *State v. Sanchez*, 146 Wn.2d 339, 348-49, 46 P.3d 774 (2002). Thus, the court may act to assure fairness in the plea process, but it may not plea bargain and it may never communicate to a defendant that a plea agreement should be reached or a plea entered. *State v. Tourtellotte*, 88 Wn.2d 579, 583-84, 564 P.2d 799 (1977); *State v. Pouncey*, 29 Wn. App. 629, 634-37, 630 P.2d 932 (1981). As the Court of Appeals concluded, the trial court here exceeded its authority because it effectively directed Mr. Harrison to amend the information and accept Mr. Tracer's plea and advised Tracer to accept the plea offer. Thus, as the Court of Appeals determined, the amendment was a nullity. *Cf. In re Costello*, 22 Wn.2d 697, 705-06, 157 P.2d 713 (1945) (an order of board of prison terms and parole purporting to release and discharge an individual who had been conditionally paroled by the governor interfered with the governor's authority and was a nullity). It follows that Tracer's plea was a nullity as well.

¶39 While the repeated failures of the special prosecutor may have been aggravating, the trial court had other tools available to address the conduct, including but not limited to imposing a monetary sanction, making a complaint to the

---

[13] A trial court's authority to approve or deny a plea bargain includes the authority to refuse amendment of the charges pursuant to a plea bargain agreement. *State v. Haner*, 95 Wn.2d 858, 631 P.2d 381 (1981). This principle does not apply under the facts of this case, where the court itself directed amendment.

elected prosecutor or the Washington State Bar Association, or dismissing the charges without prejudice. Instead, the court exceeded its authority by inserting itself into the case in an improper manner when it gave Mr. Harrison directions in concluding a plea agreement and endorsed that plea agreement to Mr. Tracer.

¶40 I agree with the majority that the amendment was invalid, the guilty plea is void, and the State is entitled to prosecute Tracer on the original charges.