# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48466-8-II |
| Respondent, | |
| v. | |
| DAVID JEREMY FOX, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — David Jeremy Fox appeals his conviction for delivery of a controlled substance within 1,000 feet of a school bus stop. Fox argues that (1) the Cowlitz County Prosecuting Attorney's Office should have been disqualified; (2) Detective Rocky Epperson provided improper opinion testimony; (3) the prosecutor committed misconduct by arguing Detective Epperson's improper opinion testimony in closing argument; (4) defense counsel provided ineffective assistance; and (5) cumulative error denied him a fair trial. We hold that Fox's right to a fair trial was violated because the Cowlitz County Prosecuting Attorney's Office should have been disqualified.[1] Accordingly, we reverse and remand for further proceedings after the trial court appoints a special deputy prosecutor.

## FACTS

On June 3, 2014, the Cowlitz County Prosecuting Attorney's Office charged Fox by information with one count of delivery of a controlled substance within 1,000 feet of a school bus

---

[1] This holding is dispositive of this appeal; therefore, we do not address Fox's remaining claims.

route stop. Attorney Ryan Jurvakainen from the Cowlitz County Office of Public Defense was appointed to represent Fox.

On November 17, 2014, Jurvakainen represented Fox at his omnibus hearing[2] and filed an omnibus application on Fox's behalf. Jurvakainen was later elected prosecutor of Cowlitz County during the pendency of Fox's case and attorney Patricia VanRollins took over representation of Fox.

Jurvakainen filed a declaration on May 7, 2015, stating that he had not participated in the prosecution of Fox's case and will be screened from the case. Two weeks later, an amended information was filed in Fox's case. Jurvakainen's name was the only name on the signature line of the amended information, and he was identified as the Cowlitz County Prosecuting Attorney.[3]

At Fox's first trial, the jury was deadlocked. After the trial court declared a mistrial, a second trial was held. The jury in the second trial found Fox guilty of delivery of a controlled substance within 1,000 feet of a school bus route stop. Fox appeals.

---

[2] The omnibus hearing is set after allowing sufficient time for defense counsel to initiate and complete discovery, conduct further investigation of the case as needed, and continue plea negotiations. CrR 4.5(b).

[3] Jurvakainen's name also appeared on the State's proposed jury instructions.

ANALYSIS

A.    PROSECUTOR'S CONFLICT OF INTEREST

Fox argues that the Cowlitz County Prosecuting Attorney's Office should have been disqualified from prosecuting his case because the county's elected prosecutor formerly represented him as defense counsel in this case. We agree.

1.    RAP 2.5(a)(3)

The State argues that we should decline to address this issue because Fox failed to raise the issue during trial, and he may not do so for the first time on appeal. We "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). However, a party may raise a claim involving "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3).

The proper approach for analyzing whether an alleged error can be raised for the first time on appeal involves four steps.

> First, the reviewing court must make a cursory determination as to whether the alleged error in fact suggests a constitutional issue. Second, the court must determine whether the alleged error is manifest. Essential to this determination is a plausible showing by the defendant that the asserted error had practical and identifiable consequences in the trial of the case. Third, if the court finds the alleged error to be manifest, then the court must address the merits of the constitutional issue. Finally, if the court determines that an error of constitutional import was committed, then, and only then, the court undertakes a harmless error analysis.

*State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992).

1.       Affecting a Constitutional Right

The right to a fair trial is a fundamental liberty secured by the Sixth and Fourteenth Amendments of the U.S. Constitution. *State v. Sanchez*, 171 Wn. App. 518, 541, 288 P.3d 351 (2012); *State v. Sanchez*, 122 Wn. App. 579, 587, 94 P.3d 384 (2004). Our Washington Supreme Court has also held that the Sixth Amendment provides a right to conflict free counsel. *State v. Dhaliwal*, 150 Wn.2d 559, 566, 79 P.3d 432 (2003). The court has acknowledged that a defendant's right to a fair trial is typically compromised in conflict of interest situations involving a prosecutor and noted:

> The rationale for this [conflict of interest] rule lies in the appearance of impropriety created by vesting the "inherently antagonistic and irreconcilable" roles of the prosecution and the defense in one attorney. *Howerton v. State*, 1982 OK CR 12, 640 P.2d 566, 567. In holding that a part-time district attorney may not represent a criminal defendant anywhere in the state of Oklahoma, the Court of Criminal Appeals of Oklahoma reasoned that although it was difficult or impossible to determine whether the representation was actually affected, "[t]he public has a right to absolute confidence in the integrity and impartiality of the administration of justice. The conflicts presented in this case, at the very minimum, give the proceeding an appearance of being unjust and prejudicial." *Id*. at 568.

*State v. Tracer*, 173 Wn.2d 708, 720, 272 P.3d 199 (2012) (footnote omitted). The court has also recognized that in conflict situations, it is inherent that from the prosecutor's prior representation of the defendant in the case that the prosecutor "has likely acquired some knowledge of facts upon which the prosecution is predicated or which are closely related thereto." *State v. Stenger*, 111 Wn.2d 516, 521, 760 P.2d 357 (1988).

Other courts have held that a prosecuting attorney's conflict of interest involves a violation of due process. *See Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008) (holding that when a prosecuting attorney switches sides in the same criminal case, an actual conflict of interest

is apparent that constitutes a due-process violation, even without a specific showing of prejudice); *Ganger v. Peyton*, 379 F.2d 709, 714 (4th Cir. 1967) (holding that due process was violated when a part-time Commonwealth Attorney had a conflict of interest by prosecuting a defendant for assault while representing the defendant's wife in a divorce action).

Rules of Professional Conduct (RPC) have been promulgated to prevent conflicts of interest. *See e.g.*, RPC 1.9; *see also* RPC 1.10; *Tracer*, 173 Wn.2d at 718-19. A conflict arises when the prosecutor has "previously personally represented or been consulted professionally by an accused with respect to the offense charged" or closely related matters. *Stenger*, 111 Wn.2d at 520.

Under RPC 1.9(a), an attorney who has previously represented a client "shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client" consents. Applying this rule, our Washington Supreme Court has held that

> [A] prosecuting attorney is disqualified from acting in a criminal case if the prosecuting attorney has previously personally represented or been consulted professionally by an accused with respect to the offense charged or in relationship to matters so closely interwoven therewith as to be in effect a part thereof. One of the reasons a prosecuting attorney may not participate in such a criminal case is that it is inherent in such a situation that by virtue of the prosecuting attorney's prior representation of an accused, the prosecuting attorney has likely acquired some knowledge of facts upon which the prosecution is predicated or which are closely related thereto. . . .
>
>     . . . .
>
>     . . . *Where the prosecuting attorney (as distinguished from a deputy prosecuting attorney) has previously personally represented the accused in the same case or in a matter so closely interwoven therewith as to be in effect a part thereof, the entire office of which the prosecuting attorney is administrative head*

> *should ordinarily also be disqualified from prosecuting the case and a special deputy prosecuting attorney appointed.*

*Stenger*, 111 Wn.2d at 520-22 (emphasis added) (footnotes omitted).

Here, because Jurvakainen had represented Fox in this case and was later elected county prosecutor during the pendency of Fox's case, a conflict of interest existed, and he was disqualified from the case. In fact, Jurvakainen admitted in his declaration that he was disqualified from the case. And because Jurvakainen became the elected prosecutor for the county, the entire Cowlitz County Prosecuting Attorney's Office should have been disqualified as well, and a special deputy prosecutor should have been appointed.

Although screening procedures were set in place, such procedures are only sufficient when the prosecutor involved is a deputy prosecutor. The "public has a right to absolute confidence in the integrity and impartiality of the administration of justice" and "[t]he conflicts presented in this case [where one attorney holds the roles of prosecution and defense], at the very minimum, give the proceeding an appearance of being unjust and prejudicial." *Tracer*, 173 Wn.2d at 720 (quoting *Howerton*, 640 P.2d at 567-68).

Thus, a conflict of interest existed, and because such conflicts give proceedings an appearance of being unjust and prejudicial, Fox's right to a fair trial is implicated. Therefore, Fox has identified a potential error involving a constitutional right.

2.      Manifest Error

In addition to showing an error affecting a constitutional right, Fox must show that the error was manifest. RAP 2.5(a)(3). Because RAP 2.5(a)(3) serves a gatekeeping function, the record must show that there is a fairly strong likelihood that a serious constitutional error has occurred. *State v. Lamar*, 180 Wn.2d 576, 583, 327 P.3d 46 (2014).

To obtain review, the party must show how the alleged error actually affected the defendant's rights at trial. *State v. Kirkman,* 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007). It is this showing of actual prejudice that makes the error "manifest." *Id.* But "the focus of the actual prejudice [analysis] must be on whether the error is so obvious on the record that the error warrants appellate review." *State v. O'Hara*, 167 Wn.2d 91, 99–100, 217 P.3d 756 (2009). The key to this determination is a plausible showing by the defendant that the alleged error had practical and identifiable consequences in the trial of the case. *Kirkman,* 159 Wn.2d at 935. To determine if such consequences exist, this court "must place itself in the shoes of the trial court to ascertain whether, given what the trial court knew at that time, the court could have corrected the error." *O'Hara*, 167 Wn.2d at 100.

Here, the record shows that the error was manifest. Jurvakainen had previously represented Fox, appeared at Fox's omnibus hearing, and filed an omnibus application on his behalf. While the case was pending, Jurvakainen was elected county prosecutor. Although Jurvakainen was allegedly screened from Fox's case, an amended information was filed in this case with only Jurvakainen's name on the signature line identifying him as the Cowlitz County Prosecuting Attorney. This record existed during the pendency of Fox's case. The conflict of interest was obvious on the record, and the circumstance could have been corrected by disqualifying the

Cowlitz County Prosecuting Attorney's Office and appointing a special deputy prosecutor in accordance with *Stenger*.[4]

Thus, because the conflict of interest gave the proceedings an appearance of being unjust and prejudicial, affecting the public's confidence in the integrity and impartiality of the administration of justice, the Cowlitz County Prosecuting Attorney's Office should have been disqualified from prosecuting Fox's case. This conflict of interest could have been readily remedied, but was not, and Fox's right to a fair trial was violated.

Fox has shown a manifest error affecting his constitutional right to a fair trial. Therefore, we next address the merits of his challenge.

        3.       Merits of the Conflict of Interest Challenge

The State argues that the failure to disqualify the prosecuting attorney's office had no effect on the trial of the case. Specifically, the State argues that the record does not show that any confidences Fox may have disclosed were used at trial; that nothing suggested that the trial prosecutor was privy to any of Fox's confidences; and that the State's only witnesses regarding the most determinative facts of the case were the two officers who set up the controlled buy. We disagree.

Here, a conflict existed because Jurvakainen was Fox's defense attorney, and during that representation, Jurvakainen became the elected county prosecutor. While Jurvakainen represented Fox, an omnibus hearing was held and an omnibus application was filed. Such hearings occur after defense counsel has had sufficient time to initiate and complete discovery, investigate the

---

[4] 111 Wn.2d at 522. *See also* RCW 36.27.030.

case, and conduct plea discussions. Therefore, the record shows that Jurvakainen acquired some knowledge of the facts upon which the prosecution was predicated.

Fox's case proceeded after Jurvakainen became the county prosecutor. Although Jurvakainen filed a declaration stating that he will be screened from Fox's case, an amended information was filed 14 days later against Fox with only Jurvakainen's name in the signature block identifying him as the Cowlitz County Prosecuting Attorney. The RPCs expressly prohibit a lawyer from representing a client if a concurrent conflict of interest exists unless the strict exception is met whereby both clients are informed of the conflict and consent to the representation in writing. Here, no such written consent was secured.

Given "the appearance of impropriety created by vesting the 'inherently antagonistic and irreconcilable' roles of the prosecution and the defense in one attorney," the proceedings were tainted with "an appearance of being unjust and prejudicial." *Tracer*, 173 Wn.2d at 720 (quoting *Howerton*, 640 P.2d at 567-68). *See also Stenger*, 111 Wn.2d at 522 ("Where the prosecuting attorney (as distinguished from a deputy prosecuting attorney) has previously personally represented the accused in the same case . . . [,] the entire office of which the prosecuting attorney is administrative head should ordinarily also be disqualified from prosecuting the case and a special deputy prosecuting attorney appointed."). Such appearances tend to erode the public's "absolute confidence in the integrity and impartiality of the administration of justice." *Tracer*, 173 Wn.2d at 720.

Therefore, under the facts of this case, a conflict of interest existed when the Cowlitz County Prosecuting Attorney's Office continued prosecuting Fox after Jurvakainen became the elected county prosecuting attorney. This conflict created an appearance of impropriety that

tainted the appearance of the fairness of the proceedings. The appearance of impropriety was heightened when an amended information was filed in Jurvakainen's name after he was allegedly screened from the case. Thus, we hold that the continued prosecution of Fox's case by the Cowlitz County Prosecuting Attorney's Office was a manifest constitutional error.

### 4. Harmless Error

A manifest constitutional error is subject to a constitutional harmless error analysis. *Kirkman,* 159 Wn.2d at 927. If trial error is of constitutional magnitude, prejudice is presumed and the State bears the burden of proving it was harmless beyond a reasonable doubt. *Lamar*, 180 Wn.2d at 588.

The State fails to present any argument on the issue of harmless error. Therefore, the presumption of prejudice stands. Accordingly, we reverse.

### B. ATTORNEY FEES

Fox requests that we decline to impose appellate costs against him if the State substantially prevails on this appeal and makes a proper request. However, because Fox is the prevailing party, we need not address the issue of appellate costs against him.

### CONCLUSION

A defendant has the right to a fair trial free of conflicts of interest involving a prosecutor. The continued prosecution of a defendant creates a conflict of interest when the defendant's counsel becomes the elected county prosecutor during the prosecution of the defendant's case. Such a conflict of interest gives the proceedings an appearance of being unjust and prejudicial, affecting the public's confidence in the integrity and impartiality of the administration of justice.

Therefore, Fox's conflict of interest challenge constitutes a manifest error affecting constitutional right and can be raised for the first time on appeal.

On the merits, the conflict of interest here violated Fox's right to a fair trial. This constitutional violation is presumptively prejudicial. The State does not argue that the error was harmless. Therefore, the presumption remains.

Fox's conviction is reversed and remanded for further proceedings after the trial court appoints a special deputy prosecutor.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, C.J.

_____
Melnick, J.