[No. 13833-0-III.  Division Three.  June 22, 1995.]

DEDRA J. OSBORN, *Respondent*, v. GRANT COUNTY, *Appellant*.

*John D. Knodell, III, Prosecuting Attorney,* for appellant.

*Robert A. Dunn* and *Keller W. Allen, McCormick, Dunn & Black,* for respondent.

THOMPSON, C.J. — Dedra J. Osborn, as Grant County Superior Court Clerk, brought this action for declaratory relief against Grant County, by and through its commissioners. Ms. Osborn asked the court to hold the commissioners had no authority to withhold payment of wages to a temporary employee she hired to work in the clerk's office. The commissioners appeal the Superior Court order granting Ms. Osborn's petition for declaratory relief.[1] We affirm.

On July 7, 1993, Grant County Superior Court Clerk Dedra Osborn hired Shirley Keenan to perform work on a temporary basis within the clerk's office. Ms. Keenan was on a 10-day disciplinary suspension from her position with the administrator for the Grant County District Court. Ms. Osborn immediately advised the county commissioners of her hiring decision. On July 9, 1993, the commissioners notified Ms. Osborn by letter they disagreed with her decision to hire Ms. Keenan. The letter concluded: "We realize that we will have to allow you to pay her for the hours already worked but must inform you that we will not approve payment of any further hours effective immediately". Ms. Osborn interpreted this as a direction by the commissioners to terminate Ms. Keenan as a temporary hire. She refused to do so because she believed the commissioners lacked authority to direct her hiring

---

[1]Gordon Harris defeated Ms. Osborn for the position of Grant County Clerk in the November 1994 election. We have permitted him to file a brief in this action as an intervenor.

decisions. When Ms. Osborn submitted a pay voucher for Ms. Keenan's work, the county auditor, at the direction of the commissioners, refused to pay it.

Using outside counsel, Ms. Osborn filed this action, asking the court to hold the commissioners had no authority to interfere in her hiring decisions and to order Grant County to make immediate payment of the wage voucher she submitted for Ms. Keenan's time. On November 12, 1993, Ms. Osborn moved for declaratory relief "based upon the pleadings and files herein" asking for the relief specified in her earlier complaint. In support of the petition, Ms. Osborn submitted her affidavit in which she described the process by which she submits a yearly budget for the clerk's office for the commissioners' approval. The approved budget for 1993 included $17,724 for temporary hires. Ms. Osborn stated her belief that she was entitled to autonomy in decision-making with respect to hiring that temporary help, just as she assumes the full responsibility, unfettered by the commissioners, for hiring permanent employees. The court ruled as a matter of law that the commissioners: (1) lacked authority to interfere in the internal hiring decisions of the county superior court clerk; and (2) had not presented evidence to support their position Ms. Osborn could not employ a person on disciplinary suspension from another County office. The court therefore granted Ms. Osborn's petition for declaratory relief.

The first issue is whether Ms. Osborn had standing to bring this declaratory action against Grant County.

■ One seeking relief must show a clear legal or equitable right and a well-grounded fear of immediate invasion of that right. *State ex rel. Hays v. Wilson*, 17 Wn.2d 670, 673, 137 P.2d 105 (1943). Ms. Osborn asserts she had a legal right under RCW 36.16.070 to "employ deputies and other necessary employees" to carry out the functions of her elected office. Further, the commissioners interfered with that right when they refused to pay Ms. Keenan's wages for work Ms. Osborn had hired her to perform.

While not directly addressing the issue of a county official's standing to bring such a suit, the court in *Thomas v. Whatcom County*, 82 Wash. 113, 124, 143 P. 881 (1914) held that the county commissioners' authority to approve the creation of and the funding for deputy sheriffs did not include authority to specify certain individuals the sheriff could or could not hire to fill those positions. Rather, "the officer in whose office the deputies are to serve, being responsible on his bond for their conduct, has the *absolute right* to determine the personnel of such deputies". (Italics ours.) *Thomas*, at 124. The court therefore ordered the commissioners to pay the wages of the deputies the sheriff hired over the commissioners' disapproval.

The commissioners cite *Hoppe v. King County*, 95 Wn.2d 332, 622 P.2d 845 (1980). In *Hoppe*, the court considered whether a county assessor had standing to challenge the validity of a King County taxing ordinance on the ground it violated a statutory limitation regarding property tax levies. The court held he did not. It reasoned:

> [RCW 84.52.010] does not grant the assessor discretion or authority to challenge in court the levy *amounts* set by legislative bodies on the ground they exceed the 106 percent limit of RCW 84.55.010. Rather, RCW 84.52.010 states that the "*rate percent* of all taxes . . . shall be determined, calculated and fixed by the county assessors . . . within the limitations provided by law". (Italics ours.) If the aggregate rates for levies certified to the assessor by various taxing districts either exceed the overall statutory rate limits established by RCW 84.52.043 or the 1 percent tax rate limitation established by RCW 84.52.050 and Const. art. 7, § 2, then the assessor is required to recompute the *rate* so it does not exceed constitutional or statutory limitations.

*Hoppe*, at 337.

Ms. Osborn's action is distinguishable from that brought by the county official in *Hoppe*. The tax levies the assessor questioned did not interfere with the performance of his duty as assessor to set rates. Here, Ms. Osborn had the right under RCW 36.16.070 to hire persons to assist her in

the performance of her function as superior court clerk. As set forth in *Thomas*, that right included the right to determine who to hire. When the commissioners interfered with the right, Ms. Osborn had standing to challenge that interference in court.

The second issue is whether the trial court erred in granting Ms. Osborn's petition for declaratory relief. *Thomas* held county commissioners have no authority to direct an independently elected official, such as the clerk, to hire or not hire a specific individual. The commissioners argue the fact Ms. Keenan was on suspension status distinguishes this case from *Thomas*. But at the hearing on the petition for declaratory relief, the prosecutor was not able to cite to any document or other evidence showing the superior court clerk agreed to give effect to the disciplinary decisions of other County agencies.

The commissioners rely upon a collective bargaining agreement with the clerk's employees which allegedly denominates the commissioners as "employer". We could not find a copy of this agreement in the record, and the commissioners' brief does not supply a citation. In any event, an agreement that sets benefits, rates of pay, and grievance procedures does not concern the authority to hire in the first place. Its use of the term "employer" is limited to those personnel issues covered by the agreement.

■ *Thomas* is controlling. The clerk, as an independently elected official, had the sole authority to make the hiring decisions for her office. The Superior Court properly granted Ms. Osborn's petition for declaratory relief.

Affirmed.[2]

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

---

[2]In an unpublished opinion filed on this date, the court resolved additional issues raised by the commissioners.

Sweeney and Schultheis, JJ., concur.

Review granted at 128 Wn.2d 1001 (1995).