IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | No. 86202-2-I |
| PAULINE ACKERMANN | DIVISION ONE |
| Respondent/Cross-Appellant, | |
| and | UNPUBLISHED OPINION |
| RONALD FARRELL, | |
| Appellant/Cross-Respondent. | |

SMITH, J. — Pauline Ackermann and Ronald Farrell divorced in December 2009. The separation contract required that Farrell pay off two shared lines of credit. When Farrell failed to do so, Ackermann had to pay.

In 2023, Ackermann moved in King County Superior Court to recover past payments and attorney fees and to require enforcement of Farrell's payment obligations. A court commissioner denied Ackermann's motion as time-barred. On revision, the trial court granted Ackermann's motion but denied her request for attorney fees. Farrell appeals, asserting that Ackermann is time-barred from moving for enforcement. Ackermann cross-appeals, contending that the trial court erred in declining to award attorney fees.

We affirm and decline to award fees on appeal.

FACTS

Background

Pauline Ackermann and Ronald Farrell divorced in December 2009. They share one child. In September 2009, the parties entered into a CR 2A agreement addressing a parenting plan, a child-support award, spousal maintenance, and the allocation of assets and debts. The agreement provided that each party shall pay any and all obligations due on their received assets and hold the other party harmless with regard to those obligations.

Ackermann and Farrell also entered into a separation contract to be incorporated into the dissolution decree. Although the CR 2A agreement served to clarify the separation contract, the contract superseded the agreement in the event of any conflict.

The separation contract divided the parties' property, granting Farrell the parties' shared construction business, Cutter, Inc. The contract also obligated Farrell with responsibility for the parties' two lines of credit. The first, their home equity loan, sat with Bank of America. The second, for the construction company, came through Key Bank. The contract noted that the debts were payable in installments, but that if Farrell failed to make the monthly payment, Ackermann could move to establish contempt. It also allowed for late fees, payable to Ackermann. Again, the contract included a hold-harmless provision. The dissolution court entered its decree in December 2009, incorporating the separation contract.

### Enforcement Motion

In June 2023, Ackermann moved for enforcement of the separation contract, requesting reimbursement with interest and attorney fees, for payments she made on the debt obligations assigned to Farrell. Farrell had failed to make payments on either the Bank of America or Key Bank lines of credit, leaving Ackermann to either make the payments or jeopardize her own credit. Ackermann documented the $23,724.84 she paid Bank of America and the $49,461.89 she paid Key Bank. Despite providing the totals she paid, Ackermann requested reimbursement for only the prior six-year period, totaling $12,930.68 and $25,460.93 to Bank of America and Key Bank respectively. She also requested prejudgment interest and attorney fees based on Farrell's intransigence. Farrell responded to Ackermann's motion, asserting that Ackermann's claim was time-barred.

### Commissioner Determination

A King County court commissioner reviewed Ackermann's motion and, relying on RCW 4.16.020(2), determined that the motion was time-barred. The commissioner recognized the parties' separation contract, as well as Ackermann's evidence of Farrell's failure to pay under that contract, but found that Ackermann had to have moved for enforcement within 10 years of the dissolution decree.

### Motion for Revision

Ackermann moved for revision, asserting that "[t]he commissioner should have found that installment payments do not become judgments until they accrue

and are unpaid." After reviewing both parties' written submissions, the trial court ordered oral argument.

Following the hearing, the trial court granted Ackermann's motion in part, treating Ackermann's motion as a motion to enforce the dissolution decree rather than a claim for contempt or an independent breach-of-contract claim. Disagreeing that the motion was time-barred, the court determined that the 10-year limitation period under RCW 4.16.020(2) did not run until "a given installment in dispute has become due." The court granted Ackermann $41,240.93, with an additional $14,263.62 in prejudgment interest. Finding that Farrell's behavior had not reached the level of intransigence, the court did not award fees.

## Appeal and Cross-Appeal

Farrell appeals. Ackermann cross-appeals. Both request fees.

## ANALYSIS

## Standard of Review

Following a trial court's revision hearing on a commissioner's ruling, we review the superior court's determination. *Faciszewski v. Brown*, 187 Wn.2d 308, 313-14, 386 P.3d 711 (2016). We review a trial court's interpretation of a statute de novo. *Faciszewski*, 187 Wn.2d at 313.

## Timeliness of Enforcement Action

Farrell asserts that Ackermann's enforcement motion is time-barred because she did not bring the claim within 10 years of the specified, lump-sum payoff date. Ackermann contends that, because each installment payment has

4

its own limitation period that does not begin to run until the specific payment becomes due, she is still within that 10-year period. We agree with Ackermann.

RCW 4.16.020(2) provides that a party must bring an action upon a judgment or decree within 10 years unless the party extends the limitations period under RCW 6.17.020 or a similar provision from another jurisdiction. RCW 6.17.020 then establishes a 10-year nonclaim period for enforcement of a judgment, allowing a party to apply for a 10-year extension of that judgment within 90 days of the expiration of the original period. But when a contract or judgment "requires payment of debt by installments, 'the [limitations periods] run[] against each installment from the time it becomes due.' " *Merritt v. USAA Fed. Sav. Bank*, 1 Wn.3d 692, 1030, 532 P.3d 1024 (2023) (quoting *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142 (1945)). A separate limitations period accrues and runs for each installment. *Copper Creek Homeowners Ass'n v. Kurtz*, 21 Wn. App. 2d 605, 616, 508 P.3d 179 (2022).

Farrell maintains that Ackermann's claim is time-barred because the separation contract specified a full payout date of March 31, 2011. Accordingly, he maintains Ackermann needed to bring her claim by March 31, 2021, 10 years later. But Farrell mischaracterizes that contract language. The section of the separation contract that Farrell references provides that Ackermann may enforce a secured promissory note in case Farrell did not pay off the Bank of America debt by that date. But this is not an exclusive remedy, it is just an alternative enforcement mechanism.

Farrell also disregards that the separation contract specifies that he shall make monthly payments. Because a separate limitations period accrues and runs for each installment, Ackermann's 10-year time frame existed on a rolling basis. And Ackermann only requests relief from the past six years – well within that 10-year period for enforcement. Because no preset total payoff date exists and each installment has its own limitations period, Ackermann is not time-barred from moving for any installment that became due less than 10 years from her enforcement action.

<u>Fees at Trial</u>

On cross-appeal, Ackermann alleges that the trial court erred in denying her request for attorney fees. Farrell does not address the issue. Because nothing in the record indicates Farrell was intransigent, the trial court did not abuse its discretion in denying Ackermann's request for fees.

Whether a party is entitled to attorney fees is a question of law that we review de novo. *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 86, 104-05, 285 P.3d 70 (2012). "The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." *Durland v. San Juan County*, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). We review a trial court's denial of attorney fees for an abuse of discretion. *Cook v. Brateng*, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014). A trial court abuses its discretion if its decision is unreasonable or based on untenable grounds or reasons. *Cook,* 180 Wn. App. at 375.

RCW 26.09.140 allows courts in a dissolution proceeding to award reasonable attorney fees. Generally, the court must "balance the needs of the party requesting the fees against the ability of the opposing party to pay the fees." *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). But if a party demonstrates intransigence, the court may award attorney fees regardless of the factors enumerated in RCW 26.09.120. *Mattson*, 95 Wn. App. at 604. Intransigence includes "foot-dragging, obstructing, filing unnecessary or frivolous motions, refusing to cooperate with the opposing party, noncompliance with discovery requests, and any other conduct that makes the proceeding unduly difficult or costly." *In re Marriage of Wixom*, 190 Wn. App. 719, 725, 360 P.3d 960 (2015).

Here, the trial court denied Ackermann's fee request because Farrell's behavior did not constitute intransigence. Nothing in the record indicates that Farrell attempted to slow down or unnecessarily complicate the enforcement proceeding. Ackermann repeatedly points to Farrell's failure to meet his obligations under the separation contract as evidence of his intransigence. But mere failure to pay does not establish intransigence and nothing in the record establishes Farrell's actions leading to the inception of the proceeding.

Nor does the record show whether she put forth any meaningful effort to collect from Farrell or urge him to complete the payments before filing her motion. Given that Ackermann could have moved for enforcement long before she did, she had the opportunity to cut short the behavior that she labels

intransigence. The trial court did not abuse its discretion in denying Ackermann's fee request.

## Fees on Appeal

Farrell requests fees under RCW 26.09.140. Ackermann requests fees under RAP 18.9(a) and *Mattson.* We decline to award fees.

RAP 18.1 permits a party to request attorney fees on appeal where applicable law grants them that right. " 'A party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party substantially prevails.' " *Burrowes v. Killian*, 195 Wn.2d 350, 363, 459 P.3d 1082 (2020) (quoting *In re Appointment of Special Deputy Prosecuting Att'y*, 193 Wn.2d 777, 791, 446 P.3d 160 (2019)).

1. RCW 26.09.140

RCW 26.09.140 provides that an appellate court may, after considering the financial resources of both parties, order one to pay the other attorney fees and the cost of maintaining the appeal.

Farrell asserts that he is entitled to fees based on his need and ability to pay. Because Farrell fails to provide any further detail and does not substantially prevail on appeal, we decline to award fees.

2. Frivolous Appeal

RAP 18.9(a) allows a court to order a party or counsel who files a frivolous appeal to pay compensatory damages or sanctions. Appropriate sanctions include an award of attorney fees and costs. *Kinney v. Cook*, 150 Wn. App. 187, 195, 208 P.3d 1 (2009). " 'An appeal is frivolous if, considering the entire record,

the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal.' " *Kinney*, 150 Wn. App. at 195 (quoting *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007)).  But, " '[a]n appeal that is affirmed merely because the arguments are rejected is not frivolous.' " *Kinney*, 150 Wn. App. at 195 (quoting *Halvorsen v. Ferguson*, 46 Wn. App. 708, 723, 735 P.2d 675 (1986)).

Ackermann contends that Farrell's appeal is frivolous because he cites no precedent for holding an enforcement action untimely in these circumstances. But Farrell does provide argument and citation to legal authority.  Disagreement with an appellant's argument is not enough to establish that there are no datable issues or that the claim was so devoid of merit that no possibility of reversal exists.  Similarly, the fact that we reject Farrell's argument is not enough to consider the appeal frivolous.

We decline to award fees under RAP 18.9(a).

3.  <u>Intransigence</u>

Intransigence before the trial court may support an award of attorney fees on appeal.  *Mattson*, 96 Wn. App. at 606.  An appellate court may also award fees if the appeal is no more than "a continuation of the intransigence [the appellant] demonstrated below."  *In re Marriage of Bresnahan*, 21 Wn. App. 2d 385, 413, 505 P.3d 1218 (2022).

Lastly, Ackermann maintains that she is entitled to fees on appeal based on Farrell's intransigence before the trial court and that his "baseless" appeal is

9

simply an extension of that intransigence. But the record does not support a finding of intransigence before the trial court and Farrell's appeal is neither frivolous nor has Ackermann shown that it is a tool to extend or complicate litigation. We decline to award fees under *Mattson*.

We affirm.

_____

WE CONCUR:

_____         _____